UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>OAK RUN ELEMENTARY SCHOOL DIST. et al.,<br><br>Defendants. | No. 2:24-cv-02854-DC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

On June 24, 2025, Plaintiff filed a motion for a preliminary injunction. ECF No. 74. Plaintiff is proceeding pro se in this matter, and her preliminary injunction motion is accordingly referred to the undersigned for findings and recommendations pursuant to Local Rule 302(c)(21). Plaintiff's motion is based on her belief that Defendant Oak Run Elementary School District's (the "District") demand that she return documents purportedly containing private student information constitutes retaliation in violation of the First Amendment. As explained below, Plaintiff's motion fails to show either a likelihood of success on the merits or irreparable harm and accordingly should be denied.

First, a procedural note: Defendants have not yet responded to the Motion. Given the Motion is without merit on the record presented by Plaintiff, and in light of Plaintiff's frequent filing of meritless motions, *see* ECF Nos. 54, 64, 68, the undersigned sua sponte issues these findings and recommendations without further briefing or hearing. *See* Fed. R. Civ. P. 1 (stating that procedural rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (noting district court's inherent power to control its docket).

**PROCEDURAL HISTORY**

Plaintiff filed this action on October 16, 2024, alleging claims under 42 U.S.C. § 1983 against the District, its principal, and Board of Trustees (the "Board"). ECF No. 1. The full scope of Plaintiff's allegations is detailed in other filings, *see, e.g.,* ECF No. 71, and is not recounted here. But in summary, Plaintiff alleges that Defendants have engaged in a course of retaliatory conduct against her based on her attempts to bring to light purported misconduct within the District. In response to Defendants' various motions to dismiss, on May 5, 2025, the undersigned recommended dismissal of most of the defendants and most of the claims without leave to amend. ECF No. 71. The undersigned recommended dismissal with leave to amend only as to retaliation and equal protection class-of-one claims against Defendant Misti Livingston (the former principal). *Id*. Plaintiff filed objections to those findings and recommendations, which remain pending. ECF No. 72.

Plaintiff filed the instant motion for a preliminary injunction (the "Motion") on June 24.[1] Plaintiff seeks to enjoin the District and Board from (1) demanding that Plaintiff destroy or return student records that she claims to have already turned over to authorities investigating the District, and (2) engaging in retaliation and harassment against her for her whistleblowing activities that are avowedly protected by the First Amendment and provisions of the California

---

[1] Plaintiff noticed the motion before District Judge Daniel C. Calabretta, who is not presiding over this case.

Education Code. ECF No. 74 at 1-2. Plaintiff also seeks leave to file a supplemental complaint containing factual allegations that would support the Motion. ECF No. 75.

Plaintiff's Motion is based on a letter the District's superintendent sent her on May 22, 2025. ECF No. 75 at 9 (Exh. A). The May 22 letter is a response and rebuttal to allegations Plaintiff made in three letters she sent the District in March 2025, which are not attached to the Motion or otherwise in the record. *Id*. The May 22 letter ends by "not[ing] that you [Plaintiff] appear to have attached student records to one of your complaints" which you "claim" to be "evidence" of "legal violations." *Id*. It cites California Education Code § 49076, a law that strictly limits access to student records, and notes that Plaintiff should not have access to those records. The letter then demands that Plaintiff either return or destroy those records by June 1, 2025. *Id*. Plaintiff responded to the May 22 letter with a letter dated June 2, 2025, claiming that she lawfully obtained those records through a former Board member and lawfully shared them with agencies investigating the District in her "watchdog" role. ECF No. 75 at 9 (Exh. B).

Plaintiff argues that her "submission of evidence to state authorities exposing fraud is protected speech." ECF No. 75 at 3. She further argues that the May 22 letter constitutes "adverse action" that "chill[s] Plaintiff's speech and threaten[s] her rights." *Id*. Plaintiff believes the "timing and context, following Plaintiff's complaints, suggest retaliatory motive." *Id*. Plaintiff also argues that the letter "risks irreparable harm by intimidating Plaintiff and potentially obstructing the state investigation," and that unconstitutional retaliation constitutes irreparable harm. *Id*.

## ANALYSIS

### I.    Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also

prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## II.    No Likelihood of Success on the Merits

The District's demand in the May 22 letter that Plaintiff return or destroy student records is not unconstitutional retaliation. The elements of a First Amendment retaliation claim vary depending on the context. In a generic case like this one that does not involve a prison or employment-related retaliation, a plaintiff must show: 1) she engaged in a constitutionally protected activity; 2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in protected conduct; and 3) the protected activity was a substantial or motivating factor in the defendant's conduct. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020). A plaintiff "must establish that defendants' retaliatory animus was the but-for cause of her injury, meaning that the adverse action against her would not have been taken absent retaliatory motive." *Id.* (internal citations and quotations omitted).

The Court begins by noting that California law generally prohibits school districts from "permit[ting] access to pupil records to a person without written parental consent or under judicial order . . ." Cal. Educ. Code § 49076(a). None of the statutory exceptions to that general rule, which also incorporates federal student privacy laws and regulations, would seem to apply to Plaintiff, a private member of the community. With that said, the Court assumes for the sake of argument that Plaintiff's disclosure to state authorities of private records purportedly containing evidence of wrongdoing in connection with a state investigation is protected by the First Amendment. *See Lane v. Franks*, 573 U.S. 228, 235-36 (2014) ("Speech by citizens on matters of public concern lies as the heart of the First Amendment, which was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.").

As to a likelihood of success on the merits, Plaintiff's Motion nonetheless flounders on the "chilling" prong of the retaliation standard. Because Plaintiff claims to have already transmitted her copies of the disputed records to state authorities and to no longer possess such copies, the

relevant First Amendment conduct is speaking out regarding alleged corruption and fraud in the District generally, as opposed to further transmission of private records specifically. "[T]he proper inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino Cty*., 192 F.3d 1283, 1300 (9th Cir. 1999) (citation and quotation omitted). For at least two reasons, a school district's demand that a whistleblower return or destroy private student records would not chill a person of ordinary firmness from continuing to speak out on alleged corruption and/or fraud within such district. First, such a demand, without any threat of possible prosecution, is not sufficiently coercive to qualify as chilling under the applicable standard. "The Ninth Circuit has held that arrest, *Lacey v. Maricopa County*, 693 F.3d 896, 917 (9th Cir. 2012), threat of arrest, *Reed v. Lieurance*, 863 F.3d 1196, 1212 (9th Cir. 2017), search and seizure, *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) … booking and jailing, *Ford*, 706 F.3d at 1194 (9th Cir. 2013), and even prolonged administrative investigations, *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000), would chill a person of ordinary firmness." *Maya v. Cnty. of San Bernardino*, No. 19-cv-1871 JGB (KKx), 2023 WL 4383344, *41 (C.D. Cal. June 1, 2023). What these examples have in common is some coercive or otherwise unpleasant government authority being used against an individual. Such coercion is lacking in the May 22 letter.

Second, the District did not demand that Plaintiff cease engaging in whistleblowing or other speech on District concerns—it merely demanded that she return or destroy records it apparently believes are private under state law. The narrowness and specificity of the demand would also not chill a person of ordinary firmness from engaging in further speech about alleged wrongdoing in the District. Plaintiff fails to show a likelihood of success on the merits.

### III. No Irreparable Harm

Plaintiff also fails to demonstrate irreparable harm. As noted above, Plaintiff claims to have already transmitted her copies of the disputed records to state authorities and to no longer have such copies. Thus, even if the District's demand were sufficient to cow her from further disclosing those records, that is a moot point. Plaintiff also argues that the letter constitutes ongoing harassment that risks intimidating Plaintiff and obstructing the state investigation. But as

noted above, the May 22 letter would not chill a person of ordinary firmness from continuing to speak out. And given that Plaintiff claims to have already turned over the student records to state investigators, there is no logical way that the demand that *she herself* return any records in her possession would obstruct such investigation. The May 22 letter will not cause Plaintiff irreparable harm absent an injunction.

### IV.  Supplemental Complaint

Plaintiff submits a proposed supplemental complaint in conjunction with the Motion. The undersigned has already recommended that Plaintiff be given leave to file an amended complaint, a recommendation pending decision by the District Judge. If the District Judge determines that amendment is warranted, Plaintiff may include the allegations in the proposed supplemental complaint in any amended complaint. But the request to file a supplemental complaint is otherwise premature.

### CONCLUSION

**IT IS HEREBY RECOMMENDED:**

**1.** Plaintiff's motion for a preliminary injunction (ECF No. 74) be DENIED; and

**2.** Plaintiff's request to file a supplemental complaint be DENIED without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE