UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OAK RUN ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-02854-DC-SCR (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(Doc. No. 91, 93) |

　　　　This matter is before the court on Plaintiff's "objections" to the court's September 17, 2025 order adopting the assigned magistrate judge's findings and recommendations. (Doc. Nos. 91, 93.) The court will construe Plaintiff's "objections" as motions for reconsideration of the court's September 17, 2025 order.

　　　　Although in her motions Plaintiff purports to invoke Rules 59(e) of the Federal Rules of Civil Procedure, which applies after judgment has been entered, the applicable rule governing Plaintiff's motions is actually Rule 54, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d

1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).

In addition, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. L.R. 230(j).

Here, Plaintiff raises the same arguments in her motions for reconsideration that were presented in her objections to those findings and recommendations (*see* Doc. Nos. 72, 79), and the court already considered and rejected those arguments. (Doc. No. 89). Plaintiff has not identified any basis under which this court should reconsider its order.

Accordingly,

1. Plaintiff's motions for reconsideration (Doc. Nos. 91, 93) are DENIED; and
2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **November 26, 2025**

Dena Coggins
United States District Judge