UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO, | No. 2:24-cv-02854-DC-SCR (PS) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| OAK RUN ELEMENTARY SCHOOL DISTRICT, et al., | (Doc. No. 108) |
| Defendants. | |

This matter is before the court on Plaintiff's motion for reconsideration of the court's November 26, 2025[1] order (Doc. No. 100), in which the court denied Plaintiff's motion for reconsideration of the court's September 17, 2025 order adopting the assigned magistrate judge's findings and recommendations and denying preliminary injunctive relief. (Doc. No. 108.)

In her pending motion, Plaintiff invokes Rules 60(b) of the Federal Rules of Civil Procedure, which governs the reconsideration of final orders of the district court. Specifically, Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration

---

[1] The court's November 26, 2025 order was entered on the docket on December 1, 2025. (Doc. No. 100.)

1

1  should not be granted, absent highly unusual circumstances, unless the district court is presented
2  with newly discovered evidence, committed clear error, or if there is an intervening change in the
3  controlling law," and it "may *not* be used to raise arguments or present evidence for the first time
4  when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals,*
5  *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks
6  and citations omitted) (emphasis in original).

7      In addition, the Ninth Circuit has "long recognized 'the well-established rule that a district
8  judge always has power to modify or to overturn an interlocutory order or decision while it
9  remains interlocutory.'" *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th
10 Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963));
11 *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th
12 Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the
13 inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen
14 by it to be sufficient.") (citation omitted).

15     Here, Plaintiff asserts that since the issuance of the court's November 26, 2025 order,
16 there is newly discovered evidence, and by virtue of that evidence, the court has committed clear
17 error. (Doc. No. 100.) However, Plaintiff does not articulate why this new evidence is relevant to
18 the motion for preliminary injunctive relief that the court denied, nor the motion for
19 reconsideration that the court denied in its November 26, 2025 order, for which she now seeks
20 reconsideration. Moreover, to the extent Plaintiff believes newly discovered evidence provides a
21 basis for injunctive relief, Plaintiff may file a new motion for injunctive relief based on that new
22 evidence. Thus, Plaintiff's motion does not provide a basis for the court to reconsider its
23 November 26, 2025 order.

24     Accordingly,

25     1.    Plaintiff's motion for reconsideration (Doc. No. 108) is DENIED; and
26 /////
27 /////
28 /////

2

1     2.     This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **December 30, 2025**

Dena Coggins
United States District Judge

3