UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOLORES LUCERO,

Plaintiff,

v.

OAK RUN ELEMENTARY SCHOOL
DISTRICT, et al.,

Defendants.

Case No. 2:24-CV-02854-DC-SCR

ORDER RE: PENDING MOTIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are Plaintiff's four most recent motions seeking to disqualify opposing counsel.  ECF Nos. 102, 106, 120, 124.  Plaintiff previously filed a motion to disqualify (ECF No. 66), which the Court struck as having been filed in violation of a court order.  ECF No. 68.  The Court also noted the motion was based on the "faulty premise" that Lozano Smith represented Oak Run Elementary School District ("Oak Run") in this action.  *Id*.  The Court now DENIES the four pending motions for the reasons set forth herein.

////

1

### I.       Motions to Disqualify Maire Deedon (ECF Nos. 102 & 106)

The law firm Maire & Deedon represents Defendant Misti Livingston in this action.  On November 26, 2025, Plaintiff filed a motion to disqualify "Maire Deedon" because one of its attorneys, Patrick Deedon ("Deedon"), was appointed to be a Shasta County Superior Court Judge on November 24, 2025.  ECF No. 102.  Plaintiff contends this appointment creates an appearance of impropriety that is imputed to the entire firm and disqualification is mandatory.  *Id.* at 2.  Plaintiff's motion is supported by a press release announcing the appointment.

On December 5, 2025, Plaintiff filed a supplemental motion to disqualify, including a four-page brief and over 80 pages of exhibits.  ECF Nos. 106, 106-1.  This supplemental motion states that Deedon was appointed on November 24, 2025, that he is a co-owner of Maire & Deedon, and that he made a filing in this case after his appointment to the bench.  ECF No. 106 at 2.  Plaintiff argues that under California Code of Judicial Ethics, Canon 2, there is an appearance of impropriety and cites to 28 U.S.C. § 455(a).  ECF No. 106-1 at 2.  Plaintiff asks that the Court strike Defendant Livingston's motion to dismiss filed on December 1, 2025, order substitution of counsel, and stay this action pending substitution.  *Id*. at 3.

Plaintiff's motions are frivolous and do not set forth a basis to disqualify Maire & Deedon.  The California Code of Judicial Ethics establishes standards for ethical conduct of California state judges.  Canon 2, which Plaintiff references, pertains to the conduct of judges.  But Plaintiff is challenging the conduct of Deedon as a private attorney in this case.  Regardless, this case is in federal court, not Shasta County Superior Court.  Additionally, Plaintiff cites to 28 U.S.C. § 455(a), which has no application to this situation.  That statute pertains to the recusal of a federal judge.  Deedon has not been appointed to the federal bench.

Defendant Livingston filed a short opposition to these motions.  ECF No. 107.  It consists of a few sentences, calls Plaintiff's motions "frivolous," and congratulates Deedon on appointment to the bench.  It does not contain information such as the date Deedon will be taking the bench as a Shasta County Superior Court judge, if the appointment is to a full-time position, or state that Deedon will be withdrawing as counsel in this matter.  The California Constitution generally prohibits judges from engaging in the private practice of law.  Cal. Const. art. VI, § 17

2

("A judge of a court or record may not practice law …").  The Court assumes that when Deedon begins service as a Superior Court judge that a notice of withdrawal will be filed in this action.[1]

However, the fact that Deedon may no longer represent Livingston after he takes his position on the Shasta County Superior Court does not merit disqualification of Maire Deedon law firm.  Plaintiff's motions (ECF Nos. 102 & 106) are DENIED.

**II.      Motion for Systemic Attorney Conflicts (ECF No. 120)**

This motion again complains of the firm Lozano Smith, which is not representing any Defendant in this action.  Plaintiff contends Lozano Smith represents Shasta County and Shasta County has oversight over Oak Run.  ECF No. 120 at 1.  The motion is unclear as to the alleged basis for it, or the relief sought.  Plaintiff apparently wants the Court to sanction Maire & Deedon and Johnson Schachter & Lewis.  ECF No. 120 at 4 & 5.  Plaintiff suggests these sanctions should include disqualifying the firms, monetary sanctions, and striking filings.  *Id*.  Plaintiff allegedly seeks this relief based largely on the conduct of Lozano, who is not representing anyone or any entity in this action.  There is no basis for a finding of a conflict of interest.

Plaintiff argues that the identified law firms are violating Government Code § 1090, concerning conflicts of interest and public contracts.  Such collateral state law arguments cannot be taken up by a federal court.  Plaintiff also argues this alleged conflict of interest is violating her due process rights.  However, that is not a coherent argument.  Even if there were demonstrable conflict of interest (and there is not), such conflict has not affected Plaintiff's ability to be heard fully by the Court.  This motion is DENIED.

**III.      Motion for Hearing (ECF No. 124)**

On February 3, 2026, Plaintiff filed a motion seeking a hearing on her disqualification motions.  That motion for a hearing also appears to repeat the arguments Plaintiff made in her other motions described above.  The Court deems a hearing unnecessary and DENIES this motion.  Local Rule 230(g) (allowing the Court to resolve motions without oral argument).

---

[1] Although a notice of withdrawal was not filed, on January 22, 2026, a Notice (ECF No. 123) was filed stating the firm name had changed from Maire & Deedon to Maire, Perrine, Powell & Werner and that the attorneys handling the matter will be John Powell and Devon Nishimura.

3

**IV.    Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motions to disqualify (ECF Nos. 102 and 106) are DENIED.

2.  Plaintiff's motion for systemic attorney conflicts (ECF No. 120) is DENIED.

3.  Plaintiff's motion for a hearing (ECF No. 124) is DENIED.

4.  The Court has repeatedly warned Plaintiff about making improper filings in this matter. *See* ECF Nos. 53, 54, 64, 68. Despite this, Plaintiff has now filed multiple motions to disqualify counsel that are frivolous and redundant. Further frivolous filings will result in the issuance of an order to show cause as to why Plaintiff should not be sanctioned, which sanctions may include a recommendation that this action be dismissed.

5.  The Court will address the pending motion to dismiss (ECF No. 101) and motion to strike (ECF No. 104) in due course.

SO ORDERED.

DATED: February 10, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE